Rafael FERNANDEZ–ROQUE, et al., Petitioners,

v.

William French SMITH, et al., Respondents.

Moises GARCIA–MIR, et al., Plaintiffs,

v.

William French SMITH, et al., Defendants.

Orlando CHAO–ESTRADA, Petitioner,

v.

William French SMITH, et al., Respondents.

Civ. A. Nos. C81–1084A, C81–938A and C81–1350A.

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 21, 1981.

---

Dale M. Schwartz, John A. Pickens, My-ron Kramer, Deborah S. Ebel, Kenneth Hindman, David Webster, Atlanta, Ga., for plaintiffs.

Douglas P. Roberto, Atlanta, Ga., Daniel E. Fromstein, Washington, D. C., for defendants.

### ORDER

SHOOB, District Judge.

Plaintiff class has moved this Court for an order adding Richard Schweiker, Secretary of the Department of Health and Human Services, and Dr. Philip N. Hawkes, Director of the Office of Refugee Resettlement, as party defendants in this action. Plaintiff class argues that joinder is appropriate under either Fed.R.Civ.P. 19, Joinder of Persons Needed for Just Adjudication, or Fed.R.Civ.P. 20, Permissive Joinder of Motions. Present defendants oppose the motion. The Court has read and considered the contentions of both sides, and has done so in light of the unusual facts of this case. The Court concludes that joinder of these two defendants is appropriate under Rule 19(a)(1), and accordingly confines its brief discussion to that provision.

Rule 19(a) provides, in part:

Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, . . . If he has not been so joined, the court shall order that he be made a party. . . .

Defendants do not argue that the Secretary of Health and Human Services (HHS) and the Director of the Office of Refugee Resettlement (ORR) are not subject to service, or that their joinder will deprive the Court of its jurisdiction; rather the central part of this dispute is whether complete relief can be afforded plaintiff class without these two persons instrumental in the resettlement process.

In its most important aspect, this is a class action habeas corpus case in which plaintiffs are challenging the legality of their incarceration by the government. Ordinarily, in a habeas action, when the writ issues, there is only a short period of time—simply for processing the prisoner out of prison—before the prisoner is freed. In this case, however, on both legal and policy grounds, Cuban prisoners unlawfully detained have not been actually freed until sponsors have been found. Thus, an order that a prisoner be released, or agreement by the government that a detainee may be released, has not resulted in *relief* for the individual detainee. Plaintiff class argues that in the absence of these two government officials primarily responsible for the resettlement program, complete relief cannot be afforded plaintiff class (or at least those members of the class ordered released or whom the government agrees can be released).

Defendants make two arguments of substance in response to plaintiff's showing and argument. First, the two persons plaintiff class seeks to add as defendants are presently doing the best they can under the circumstances and that any orders issued against them would not assist the Court in according the parties complete relief. Second, the government contends that if plaintiffs require these two officials as defendants to be afforded complete relief, then the voluntary resettlement agencies should also be added as defendants. How-

ever, both these arguments deal with the merits of plaintiff class' claims against the proposed new defendants; at this point, the Court need only decide whether plaintiff class has made a sufficient showing that these two persons ought to be joined. The Court concludes that at this point in the proceeding, and based on the Court's familiarity with the course of this litigation up to now, it appears that complete relief cannot be afforded certain class members without the presence of the two additional government defendants.

Accordingly, plaintiff class' motion is GRANTED and it is ORDERED that Richard Schweiker, Secretary of HHS, and Dr. Philip N. Hawkes, Director of ORR, be made defendants. Defendants Schweiker and Hawkes shall have twenty days from the date of this order to respond to the Amended Complaint, Exhibit A to Plaintiffs' Motion to Add the Secretary of Health and Human Services and the Director of the Office of Refugee Resettlement as Party Defendants. *See* Fed.R. Civ.P. 15(a).